UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MILTON MCDANIEL,

          Plaintiff,

v.                                         Case No. 17-cv-91-pp

DOYAL JOHNSON,

          Defendant.

**DECISION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (DKT. NO. 33), DENYING WHAT THE COURT CONSTRUES AS THE PLAINTIFF'S MOTION TO SUBSTITUTE DEFENDANT (DKT. NO. 40), AND DISMISSING CASE WITHOUT PREJUDICE**

On January 19, 2017, the plaintiff filed a complaint against defendant CO II Johnson, alleging that Johnson gave him the wrong prescription medication and that it caused him physical problems. Dkt. No. 1. Judge Nancy Joseph screened the complaint, and on March 10, 2017, issued an order allowing the plaintiff to proceed against Johnson on a claim that Johnson was deliberately indifferent to the plaintiff's serious medical need under the Eighth Amendment. Dkt. No. 17 at 4. Johnson answered the complaint on May 3, 2017. Dkt. No. 22. This court gave the parties a deadline of August 21, 2017 by which to complete discovery, and a deadline of September 19, 2017 to file dispositive motions. Dkt. No. 25.

On September 19, 2017, defendant Johnson filed a motion for summary judgment, dkt. no. 33, and a supporting brief, dkt. no. 34. Johnson disputed that he had given any medication to the plaintiff on the date alleged, or that

1

he'd had any involvement in distributing medication to the plaintiff on that date. Id. at 1-2. Johnson indicated that the medication distribution records showed that an officer named Steele—not defendant Johnson—gave the plaintiff his medications on the day in question. Id. at 4. Johnson also argued that, contrary to the plaintiff's assertions, DOC policy did allow corrections officers to distribute medication, id.; that there was no reason to believe that the plaintiff had received the wrong medication, id. at 6; and that, even if someone else had given the plaintiff the wrong medication, the pain, dizziness and nausea the plaintiff claimed to suffer did not constitute a serious medical need. Id. at 6-8.

Under this court's May 22, 2017 scheduling order, the plaintiff's response to the summary judgment motion was due within thirty days of the date the defendant served the motion. Dkt. No. 25 at 1. This means that the plaintiff's response was due sometime around October 19, 2017. That date now has passed, and the plaintiff has not responded to the defendant's motion for summary judgment. On September 26, 2017, however, the court received a letter from the plaintiff. Dkt. No. 40. In the letter, the plaintiff indicates that he made a mistake—that it was CO II Steele who gave him the wrong medication on the day in question. Id. at 1. Thus, the plaintiff has conceded that he does not have a claim against the only defendant he has named in the case—defendant Johnson. For this reason, the court must grant summary judgment in favor of defendant Johnson.

The letter the court received on September 27, 2017 does not ask the court to do anything; it simply indicates that CO II Steele was the person who gave the plaintiff the wrong medication. The court cannot read much of the second page of the letter, but it appears to discuss someone named "Talbot," or "Talbat," and then says, "it was officer CO II Steele." Id. Nine days later, the court received a hand-written document from the plaintiff. Dkt. No. 41. The document appears to be a complaint, although it is not on the court's prisoner complaint form. On the first page, at the top, the document lists the defendant as CO II Steele. Id. at 1. That is the only mention of any particular defendant anywhere in the three-page document. The body of the document refers to "defendants," plural, but does not name any other individuals. It states that "all security officers in this claim" are neglecting the fact that "the D[epartment] O[f] [C]orrections staff that are named in this complaint" are knowingly letting non-nurse staff members disburse medications, and letting them disburse the wrong medications. Id.

The next day—October 6, 2017—the court received another document from the plaintiff. Dkt. No. 42. The title of this document is "Eighth Amendment." Id. at 1. This document *does* mention CO II Steele, stating that when Steele gave the plaintiff the wrong medication, it caused him to vomit blood, become dizzy, fall on the floor and vomit all over the bed. Id. The document indicates that Steele left the plaintiff until third shift, and that all of this did damage to his liver. Id.

The court construes the letter it received on September 26, 2017 as the plaintiff's motion for permission to file an amended complaint. Dkt. No. 40. The court assumes that the plaintiff read defendant Johnson's motion for summary judgment and supporting documents, and learned that it was Steele, not Johnson, who had given the plaintiff his medication on the date in question. The plaintiff appears to have reacted to that information by attempting to file an amended complaint, naming Steele instead of Johnson as a defendant.

The court will not allow the plaintiff to amend the complaint in this case for several reasons. First, as the court has already stated, because there is no evidence that defendant Johnson violated the plaintiff's constitutional rights, the court must grant summary judgment in favor of Johnson.

Second, the plaintiff's request is not timely. If, before the deadline for filing summary judgment, the plaintiff had asked the court to dismiss defendant Johnson and to add Steele as a defendant, the court would have done so, and then would have allowed Steele time (if necessary) to conduct further discovery. But at this stage, after Johnson has filed a motion for summary judgment, a brief and proposed findings of fact—and given that the plaintiff has not responded to that motion, but concedes that he named the wrong defendant—it is too late to amend the complaint.

Third, the proposed amended complaint does not state a claim against CO II Steele. While it names CO II Steele in the caption, it doesn't explain, in the body of the complaint, what CO II Steele did to the plaintiff to deprive him of his constitutional rights.

4

If the plaintiff still believes that he has a claim against CO Steele, he may file a new lawsuit, naming Steele as a defendant and explaining what actions Steele took (or didn't take) to violate his constitutional rights. The plaintiff should use the court's inmate complaint form; the court is providing a blank copy of that form, along with the "Guide to Filing Prisoner Complaints Without a Lawyer in the United States District Court for the Eastern District of Wisconsin."

The court **GRANTS** the defendant's motion for summary judgment. Dkt. No. 33.

The court **CONSTRUES** the plaintiff's letter received on September 26, 2017 as a motion to file an amended complaint, and **DENIES** that motion. Dkt. No. 40.

The court **ORDERS** that this case is **DISMISSED**. The clerk will enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. See Federal Rule of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. See Federal Rule of Appellate Procedure 4(a)(5)(A).

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief

from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. The court cannot extend this deadline. See Federal Rule of Civil Procedure 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. See Federal Rule of Civil Procedure 6(b)(2).

The court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 23rd day of October, 2017.

        **BY THE COURT**

        _____
        **HON. PAMELA PEPPER**
        **United States District Judge**